IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE OBJECTS SOLUTIONS | * | |
| Plaintiff | * | |
| v. | * | Case No.: PJM 8:00-1591 |
| BEYOND SYSTEMS, INC. | * | |
| and | | |
| PAUL WAGNER | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

Motion deemed "MOOT" this 21 day of JUNE, 2000.

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

### DEFENDANTS' MOTION TO QUASH
### PRE-JUDGMENT WRIT OF ATTACHMENT

Now come the Defendants, Beyond Systems, Inc. ("BSI") and Paul Wagner, through their attorneys, Joseph M. English, IV and McGuire, Woods, Battle & Boothe LLP, and, pursuant to Maryland Rule 2-115(g), move this Court to quash the pre-judgment writ of attachment issued by the Circuit Court for Montgomery County.[1] In support thereof, the Defendants state as follows:

---

[1] Defendants removed this case to this Court on May 30, 2000 based upon the complete diversity of the parties and filed the appropriate Notice of Removal in the Circuit Court for Montgomery County. Maryland Rule 2-115(b) specifically states that "[t]he request for the writ of attachment shall be filed in the same action as the complaint. The complaint and the request for the writ of attachment and all other proceedings shall constitute a single action and shall be docketed accordingly." Therefore, when the Defendants removed this action from the Circuit Court for Montgomery County subsequent to the issuance of this pre-judgment writ (of which the Defendants were unaware), the Circuit Court for Montgomery County lost jurisdiction over the issuance of this writ of attachment at the same time. Pursuant to 28 USC § 1446(d), all proceedings before the Circuit Court for Montgomery County ended upon removal of this case and any Order by that Court either affirming or quashing its writ of attachment would be void. Upon removal, this Court has jurisdiction to set aside previous attachment orders as well as to set aside such orders. 28 U.S.C. § 1450. The Defendants have therefore filed this Motion in the present Court. Barrett v. Southern Ry. Co., 68 F.R.D. 413, 421 (D.C.S.C. 1975).